WILLIAM H. DWYER, Respondent, *against* THE FIREMAN'S JOURNAL COMPANY, Appellant.

(Decided December 4th, 1882.)

The publication of a statement that persons employed in a certain department "have been dismissed for alleged thefts of leather belonging to the department," with a comment, that "the rascals ought to feel thankful for getting off without more severe punishment," is libellous, as amounting to a charge of theft.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*George W. Miller*, for appellant.

*Charles P. Miller*, for respondent.

VAN BRUNT, J.—This is an appeal from an order denying a motion to set aside a verdict rendered by a jury upon the trial of this action, which was brought to recover damages for an alleged libel, and from the judgment entered upon said verdict.

The appellant claims that the plaintiff produced no proof to show that the publication referred or applied to him, and if this point is overruled, that the jury were only warranted, at most, upon the evidence before them bearing upon the plaintiff's character, in awarding nominal damages; and that the evidence of the defendant conclusively establishes the truth of the alleged libel. An examination of the record shows that not one of these points was taken upon the trial. When the plaintiff rested no motion was made by the defendant; and when the evidence was in no such motion was made; neither was any request to charge made to the judge. The record shows that it was assumed that questions of fact were to be submitted to the jury, and but one exception to the judge's charge was taken, namely, to that part of the charge where the court states that it is incumbent upon the defendant to show that the person charged was guilty of larceny, and that the defendant could not justify by showing that it was an alleged larceny, and that the defendants must assume the responsibility or prove the accusation; and also to that part of the charge in which it was stated that if the jury should be of the opinion that the alleged libel implies a charge of theft, the defendants are responsible.

The plaintiff was an employee of the Fire Department; the defendants are the publishers of a Fireman's Journal; and contained in such paper, among other things, was this paragraph:

" The entire staff of harness-makers of the department, being three in number, have been dismissed for alleged thefts of leather belonging to the department. The rascals ought to feel thankful for getting off without more severe punishment." This language, as clearly almost as language could do, charges the persons discharged—of whom the plaintiff was one—with having stolen leather belonging to the department.

It is true that it says they have been dismissed for alleged thefts of leather belonging to the department; but the next words were " the rascals ought to be thankful, &c." If they were not guilty of the offense, there was no occasion for their being denominated rascals.

It could not be argued for a moment, if, instead of the word " rascals " the word " thieves " had been used, but that the paragraph would receive the construction which has been put upon it by the court. The only thing that would make the parties discharged rascals was the fact that they had been guilty of the thefts of leather from the Fire Department.

Under these circumstances we think the judge was entirely right in holding that that paragraph contained the charge of theft against the persons discharged, and that to exonerate the defendants they were required to prove the truth of that charge.

We are of the opinion that there was no error in the conduct of the cause, and no injustice done by the verdict.

The judgment and order, therefore, should be affirmed, with costs.

Beach, J., concurred.

Judgment and order affirmed, with costs.